**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |
|---|---|
| In re: Appeal of Megan Price | }<br>}<br>} Docket No. 33-2-01<br>} Vtec<br>}<br>} |

## Decision and Order

Megan Price brought this appeal from a zoning permit issued by the Zoning Administrator and upheld by the Zoning Board of Adjustment (ZBA) of the Town of Castleton, approving the construction of a house and attached garage, proposed by Appellee-Applicant, Garry Bowen, on a 10.1-acre lot in the RR2A zoning district. Megan Price is now represented by Jeffrey P. White, Esq. in a related case, but had represented herself during the hearing on the merits of this appeal; Garry Bowen is represented by John Serafino, Esq.; and the Town is represented by John Liccardi, Esq. We will use the parties= names in this decision, rather than their roles, to avoid confusion with the related cases, Docket Nos. 202-10-99 Vtec and 31-2-01 Vtec, for which a decision is also issued today.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also had taken a site visit with the parties regarding a related case the previous year. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

The property at issue in the present case involves a 19-lot subdivision of ten-acre lots known as the Billow Subdivision, off Pond Hill Road, in which Ms. Price owns 16 lots, Mr. Bowen owns two lots (Lots 10 and 11), and another landowner owns the remaining lot (Lot 12). Agricultural and forest uses and one- and two-family dwellings are permitted uses in the zoning district, as are home occupations, accessory uses, and essential services. Access from Pond Hill Road to the lots at issue in this matter is by a private right-of-way sometimes known as Applesauce Hill, shared in common with the other lot owners

in the subdivision. It is approximately a half mile from Pond Hill Road along this right-of-way to the front or east of Mr. Bowen= s Lot 10 and ending at Ms. Price= s Lot 9, adjacent to Lot 10 on the north. Ms. Price= s Lot 9 is located directly to the north of Mr. Bowen= s Lot 10, and Ms. Price= s lots 16 and 17 are located directly to the southeast of the easterly portion of Lot 11. Another branch of the right-of-way is shown on the subdivision map, extending behind and to the east of Mr. Bowen= s Lot 11, giving access to other lots owned by Ms. Price, but not giving access either to Mr. Bowen= s Lot 10 or to Ms. Price= s Lot 9. The access of the right-of-way onto Pond Hill Road is down a moderately steep slope; water sometimes drains down the right-of-way onto Pond Hill Road, causing icing problems in the winter.

On June 12, 2000, Mr. Bowen filed a A unified permit@ application form and sketch plan with the Zoning Administrator to build a 74' x 42' 3-bedroom house on Lot 10, using a septic system with a leach field in the easterly portion of Lot 11. Because it is for a single family residence, site plan approval is not required. The application form shows the sewage disposal system as having been approved by the health officer on August 28, 2000. Under the section for A Highway Right of Way@ the space for A Utilities Under Road@ was filled in as A Existing.@ Existing electric utilities are installed under the town road, but are not yet brought in along the private right-of-way of the subdivision.

The house design incorporates a 24' x 30' garage at an angle from the main part of the house. The house is proposed to be 34 feet in height. Lot 10 also contains a 2-story barn structure which is proposed as 35' in height. The barn is located to the north and west of the proposed house on Lot 10. Lot 10 also contains a small shed which may be removed once the barn structure is completed. Mr. Bowen has also constructed a pond on his property. As this application does not require site plan approval, issues regarding the contours of the property do not arise in this application.

The house is proposed to be served by a septic system designed to be located on Lot 11 and with a capacity sufficient to serve two three-bedroom houses, one on Lot 10 and one on Lot 11. The system= s engineering plans have been approved to operate as a non-electric syphon system. The locations of the piping and leach field are shown on Exhibit D and have been approved by the Health Officer as meeting the Town= s sewage ordinances as required by Section 720 of the Zoning Ordinance.

The sketch plan diagram does not depict the exact setbacks; rather, it indicates that both side setbacks and the rear setback exceed 100 feet, and that the front setback exceeds 250 feet. It does not show the location of the barn structure, nor the setbacks to the barn structure. The required minimum lot area in the district is 2 acres, the required front and rear setbacks are 50 feet, and the required side yard setbacks are 30 feet. The height limitation is 35 feet or two stories for principal buildings, and 20 feet for accessory buildings.

Section 240.3 of the Zoning Ordinance allows more than one principal building per lot. Accordingly, this zoning permit may be granted despite the fact that the barn structure also is 35 feet in height, but only if both structures are treated as principal structures and meet the standards of Section 240.3 that the minimum lot requirements must be met for each building, and that the distance between the buildings must be twice the minimum required setback. The minimum lot requirements are met for both buildings. As to the setbacks, from the site visit and from the evidence submitted in Docket Nos. 202-10-99 Vtec and 31-2-01 Vtec, it appears that the setbacks would be likely to be met, but the required measurements are not in evidence.

The private right-of-way is deeded as fifty feet in width, although the traveled way at the present time is approximately a single lane to a lane-and-a-half wide. It is steep in the first section up from Pond Hill Road, levels out, and then goes up steeply again, then going moderately downhill to the Bowen driveway onto Lot 10, and then uphill again to Ms. Price= s Lot 9 and other Price lots. It was installed as a gravel road but has washed out in places. Ms. Price and Mr. Bowen have disagreed as to its maintenance in recent years. Mr. Bowen has brought heavy equipment up to his lots over the road, to remove trees from and construct a pond on his property, and to construct the barn structure at issue in the other two cases. The transport of heavy equipment over the right-of-way has damaged it from time to time.

The parties= dispute as to the maintenance of the private right-of-way is beyond the scope of this appeal, as this appeal only relates to whether the application to construct a residence on Lot 10, with a septic system on Lot 11 should be approved as a permitted use. The maintenance of the right-of-way must be addressed either in a private lawsuit among the owners in the subdivision, or in an action to amend or enforce any subdivision permit or Act 250 permit that may apply to the Billow subdivision as a whole.

With regard to Questions 1 through 6 of the Statement of Questions, based upon the findings above, the application to construct a house, including the attached garage, on Lot 10 meets all of the general regulation requirements of the RR-2A district. It is probable that it meets the requirements of Section 240.3 for more than one principal building on the 10.1-acre lot, but verification of the setbacks between the two buildings must be made a condition of any permit. Nothing in the zoning regulations prohibits a proposed house from incorporating an attached or built-in garage; such a garage is not considered an accessory building, but must meet the required regulations for the house itself. Nothing in the Zoning Regulations requires utilities to be installed prior to the application for a zoning permit; in fact, nothing in the Zoning Regulations appears to require a house to be served by electricity at all. The septic system was approved as required by the Zoning Ordinance and does not depend on the provision of electricity to the property.

Questions 7, 8, 9, 12, 13, 14, 15 and 16 of the Statement of Questions raise issues that might be relevant to an application for a subdivision permit, an Act 250 permit, a conditional use application or site plan approval, or the interpretation of the parties= respective property rights. They are, however, beyond the scope of an application for a zoning permit for a permitted use, and will not be further addressed, except to note that all uses within the Town must meet and continue to meet the performance standards of Section 760 of the Zoning Ordinance.

Question 11 of the Statement of Questions is addressed in Section 810.8 of the Zoning Ordinance. The work must commence within twelve months of the issuance of a final zoning permit and be completed within two years, with certain extension provisions in that section.

Questions 10 and 17 of the Statement of Questions is addressed by the scope of the application. It does not request and Mr. Bowen is not authorized by any permit to transport, operate, store or maintain heavy construction equipment at the property except in connection with the site work and construction approved for the property and the uses approved for the property. Those uses, to date, are agriculture and forestry with regard to the barn structure that was the subject of Docket Nos. 202-10-99 Vtec and 31-2-01 Vtec, and residential use with regard to the house with attached garage, all on Lot 10, and a septic system on Lot 11.

Based on the foregoing, it is hereby ORDERED and ADJUDGED in Docket No. 33-2-01 Vtec that a zoning permit is GRANTED for the proposed house, incorporating an attached garage, using the septic system proposed and approved to be located on Lot 11. This approval is only for the residential use of the property, and is specifically subject to Mr Bowen= s submittal to the Zoning Administrator, with a copy to the parties and to this Court, of a sketch plan demonstrating the compliance of the setbacks from the house location compared with the setbacks of the barn structure, under Section 240.3 of the Zoning Regulations.

Done at Barre, Vermont, this 14th day of January, 2002.


_____
Merideth Wright
Environmental Judge